UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FOREST LABORATORIES, INC. and
ONY, INC.,

                              Plaintiffs,

                                                        DECISION AND ORDER
            v.                                          96-CV-159S

ABBOTT LABORATORIES and
TOKYO TANABE CO., LTD.,

                              Defendants.

## I.  INTRODUCTION

Currently before the Court are the objections of defendants, Abbott Laboratories and

Tokyo Tanabe Co. (hereinafter referred to collectively as "the defendants"), to the bill of

costs submitted by plaintiffs, Forest Laboratories, Inc., and ONY, Inc. (hereinafter referred

to collectively as "the plaintiffs").[1]

## II.  DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . shall

be allowed as of course to the prevailing party unless the court otherwise directs."  The

costs properly taxable under Rule 54(d)(1) are enumerated in 29 U.S.C. § 1920.  See

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  While only those

---

[1]        This case was transferred to the undersigned on May 5, 2006, from Chief Judge
Richard J. Arcara.

costs enumerated in  § 1920 are allowed, the breadth of the phrases used in § 1920 to describe recoverable costs is left to the discretion of the court.  See Weeks v. Samsung Heavy Indus. Co, 126 F.3d 9265, 945 (7th Cir. 1997) (citation omitted).  Under Rule 54(d), "the prevailing party has the burden of establishing that the expenses [it] seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920."  Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (citation omitted).  To meet this burden, the prevailing party must present sufficient evidence to show that each of the costs it has requested to be taxed was "reasonably necessary" and not for the "mere convenience of counsel."  Id. at 344 n. 2.

### A.    Transcript Costs

Defendants oppose the costs requested for daily transcript, full length or condensed ("mini-scripts"), and for computer diskettes of the trial testimony.  Under 28 U.S.C. § 1920(2), a prevailing party can only recover the costs of stenographic services "necessarily obtained for use in the case."  Courts have interpreted § 1920(2) to preclude the costs associated with transcripts that were merely for the convenience of counsel, rather than necessary for use in the case.  See, e.g., Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973).

Here, the Court finds that the cost associated with daily transcripts was a necessary cost and, therefore, should be granted to the prevailing party.  The Court's review of the file indicates that this was a complex patent case that lasted eleven weeks and involved the detailed testimony of 23 fact and expert witnesses on numerous technical issues.  The availability of daily trial transcripts was essential to the parties' preparation and presentation of their respective cases.  Accordingly, the Court grants the costs associated

2

with daily transcript.  See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996).

The Court denies, however, the costs associated with the mini-scripts and diskettes. The Court finds that these items were obtained solely for the convenience of counsel and were not necessary for use in the case.

## B.    Costs of Deposition Transcripts

The defendants oppose costs associated with certain deposition transcripts. Defendants argue that such costs are not fully taxable for two reasons: (1) plaintiffs have not demonstrated that many of the depositions were "reasonably necessary" at the time they were taken; and (2) plaintiffs have not offered a reasonable justification for taxing defendants the extraordinary costs associated with the expedited delivery of many of the deposition transcripts.

"[T]he proper inquiry is whether, at the time the deposition was taken, it appeared to be reasonably necessary."  Anderson v. City of New York, 132 F.Supp.2d 239, 246 (S.D.N.Y. 2001) (citations omitted); see also Manildra, 76 F.3d at 1184 ("The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken."); see also Boisson v. Banian, Ltd., 221 F.R.D. 378, 380 (E.D.N.Y. 2004) ("the costs of deposition transcripts are properly taxed as costs only where such transcripts are obtained for use at trial and not solely for discovery purposes and the convenience of counsel").

Plaintiffs seek reimbursement for six depositions of individuals who did not testify,

and whose depositions were not read or even mentioned at trial.[2]  Plaintiffs have failed to show why these depositions were reasonably necessary at the time they were taken. Accordingly, the Court denies plaintiffs' request for costs associated with these six depositions.

With regard to plaintiffs' requests for the costs associated with certain expedited deposition transcripts, the Court notes that many of the depositions were taken during the trial, often only one or two days before the witness was expected to testify.   Other depositions were taken within the last few weeks before trial was scheduled to begin, including the depositions of defendants' first two witnesses to take the stand.  The Court finds that the timing of these depositions justifies the costs associated with expedited transcripts.  Accordingly, the Court grants the costs associated with the following expedited transcripts:  Wilson, Scherer, Murphy,  Barry, Solomon, Stanfield, Schurch, Matuszewski, Ferguson, Notter (2), Adelman, Armitage, Enhorning, Cooley, Avery and Adams.  The Court denies the extra costs associated with any other expedited deposition transcripts.

## C.    Translation Costs

Defendants argue that the costs associated with the translation of documents into English are not properly taxable against the defendants.  Defendants first argue that 28 U.S.C. § 1920(6) (taxable costs include "compensation of interpreters") does not specifically mention translation costs and, therefore, such costs are not taxable.  The Court finds this argument without merit.  Numerous courts, including the Court of Appeals for the Federal Circuit, have awarded costs under § 1920(6), not only for the costs of in-person

---

[2]    These depositions are of the witnesses Michalos, McGlew, Mahan, Kanonchoff, Moon and Shalwitz.

4

interpretation services, but also for translation costs.  See, e.g., Chore-Time Equip., Inc. V. Cumberland Corp., 713 F.2d 774, 782 (Fed. Cir. 1983); Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995); In re Puerto Rico Elec. Power Auth., 687 F.2d 501, 506 (1st Cir. 1982).

Defendants next argue that even if translation costs are taxable under § 1920(6), plaintiffs must demonstrate that the costs "were necessary for a proper determination of the issues presented, and [that] they were a material aid to the Court in resolving disputed issues of fact."  Oetiker v. Jurid Werke, GmbH, 104 F.R.D. 389, 393 (D.D.C. 1982).  Thus, defendants argue, they should not be taxed the costs for translation of foreign-language documents that were used only for plaintiffs' trial preparation and not admitted into evidence.

Plaintiffs appear to list every translation done for them in connection with this case, regardless of whether the translated document was necessary or used at trial.  Plaintiffs have made no attempt to offer an individual explanation as to the necessity of each document translated.  Nevertheless, it is apparent that plaintiffs are entitled to at least some translation costs.  The Court grants the translation costs associated with translated foreign-language documents used or admitted into evidence at trial, but denies all other translation costs.

Defendants also argue that the plaintiffs' translation costs should be denied because the translations were of poor quality.  The Court rejects this argument.

## D.  Costs of Second Checking Interpreter

Defendants argue that plaintiffs should not be awarded costs for Mr. Y. Tateishi acting as a second checking interpreter at trial.  According to the defendants, plaintiffs had

5

the services of Ms. Reiko Takikawa, an employee of the law firm representing the plaintiffs, who had served as plaintiffs' sole checking interpreter at every deposition of Japanese witnesses.   Thus, defendants argue, the costs associated with Mr. Tateishi were unnecessary.  Plaintiffs have failed to respond to this argument.  Thus, the Court denies the costs associated with Mr. Tateishi acting as a second checking interpreter.

### E.     Travel Expenses of Ms. Keiko Isshiki

Defendants argue that plaintiffs should not be able to recover the costs associated with the travel expenses of Ms. Keiko Isshiki, who served as the official interpreter at the deposition of Japanese witnesses.   According to the defendants, travel costs of the interpreter are not recoverable under 28 U.S.C. § 1920(6).  Defendants also argue that they are being double billed for Ms. Isshiki's travel.

Section 1920(6) allows costs associated with the "compensation of interpreters." The Court finds that this does not include the travel costs for an interpreter.  Section 1920(6) expressly allows "costs" for special interpretation services under 28 U.S.C. § 1828, which does not apply in this case.  Had Congress intended to allow interpreter "costs," including travel costs, in addition to compensation, in non-§ 1828 cases, it would have expressly stated so.  Accordingly, the Court denies the travel costs of Ms. Isshiki.

### F.     Costs of Official Court Interpreter

Defendants argue that plaintiffs should not be allowed to recover the costs associated with the official court interpreter, Ms. Holly Otsuka.  According to defendants, plaintiffs' attempt to recover such costs is contrary to their pretrial agreement to share such costs with the defendants equally.   Plaintiffs have not responded to the defendants'

argument.  Accordingly, the Court denies the costs associated with Ms. Otsuka.  See

Thomas v. Duralite Co., 524 F.2d 577, 590 (3d Cir. 1975).

## G.    Post-Judgment Interest

Defendants argue that plaintiffs are not entitled to post-judgment interest dating back

four years since the time the judgment was entered in this case.  The Court finds this

argument without merit.

> 28 U.S.C. § 1961(a) provides that:
> Interest shall be allowed on any money judgment in a civil case
> recovered in a district court . . . Such interest shall be calculated
> from the date of the entry of the judgment . . ..

While the parties have not cited, nor has the Court found, any cases on point with

respect to awarding post-judgment interest on costs, the Court has found cases addressing

the analogous issue of post-judgment interest on an attorneys' fees award.  In the recent

case of Aiello v. Town of Brookhaven, 2005 WL 1397202 (E.D.N.Y. Jun. 13, 2005), the

court summarized the state of the law on this issue as follows:

> "[I]t is an open question in the Second Circuit whether interest runs from the
> date of the judgment establishing the right to the award of attorneys fees or
> from the date of the judgment establishing its quantum."  Albahary v. City &
> Town of Bristol, 96 F.Supp.2d 121, 122 (D. Conn. 2000).  Since Albahary was
> decided, the Second Circuit Court of Appeals has still not taken up this issue.
> The majority rule, followed in the Fifth, Sixth, Eighth, Ninth, Eleventh, and
> Federal Circuits, is that interest accrues "from the date the party becomes
> entitled to the award even if that award is not quantified until a later point."
> Id. at 123 (collecting cases).  The majority position is based on the realization
> that, "[w]hile the fee-paying party is under no legal compulsion to satisfy its
> obligation before quantification, it also 'suffers no prejudice from any delay in
> quantifying the award because it has use of the money in the interim and
> because the statutory interest rate is tied to the U.S. Treasury Bill rate.' "
> Albahary, 96 F.Supp.2d at 123 (quoting Jenkins v. Missouri, 931 F.2d 1273,
> 1277 (8th Cir.1991)). The minority rule, followed in the Third, Seventh and
> Tenth Circuits, states that interest accrues from the date it is quantified.  See
> id.

The Federal Circuit has held that post-judgment interest on an attorneys' fee award runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum.  See Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988).  This Court will follow Mathis, Albahary and Aiello in aligning itself with the majority rule.  Accordingly, the Court shall allow plaintiffs post-judgment interest on the award of costs at the U.S. Treasury Bill rate (see 28 U.S.C. § 1961(a)), from the date they became entitled to receive costs.  That date is determined to be June 23, 1999, the date the Court entered judgment.

## III.  CONCLUSION

For the reasons stated, the Court grants in part and denies in part  defendants' objections to plaintiffs' renewed bill of costs.  Plaintiffs' counsel shall prepare a draft amended bill of costs in accordance with this Decision and Order and provide such draft to defense counsel by June 1, 2006.  Counsel shall then make a good faith effort to resolve any remaining issues regarding the amended bill of costs.  The final amended bill of costs shall be filed by July 7, 2006.

SO ORDERED.

Dated:      May 16, 2006
            Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge